This matter came before me on a motion to strike out the answer and counter-claim.
The bill of complaint was filed for the purpose of foreclosing certain tax liens on property owned by the defendant. Complainant claims that the answer and counter-claim are both sham. Defendant claims that he entered into an agreement with the complainant whereby complainant agreed to delay the enforcement of the tax claims pursuant to a plan *Page 254 
for the liquidation of the property upon which the taxes had become liens. This claim is denied in the affidavits of the mayor, the town clerk and the collector of the complainant. Even if the claim of the defendant is true, such an act on the part of said municipal officers would be ultra vires.
Defendant also claims that the town is estopped by reason of its failure to protest against the plan of liquidation according to an order made by this court in the case of Wartsky v. PortDevelopment Co. (Docket 107, page 717). In the Wartsky suit it appears that the town was noticed as well as the general creditors but took no part in the proceedings. This did not work an estoppel against the town. The municipality is more than a general creditor. It is a lien holder by reason of the statute and I know of no authority which requires it to protect its priority in such proceeding.
The counter-claim alleges that the defendant is unable to procure the necessary information with reference to the several apportionments of taxes made against the property and prays for discovery. These apportionments are matters of record and can be ascertained upon an examination of the public records of the municipality. The answering affidavits make no claim that such information has been sought or denied.
I have, therefore, concluded that both the answer and counter-claim are sham and should be stricken out.